Jason E. Prince (ISB #7227)
Christopher C. McCurdy (ISB #8552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-5974
Telephone: 208.342.5000
Facsimile: 208.343.8869
jeprince@hollandhart.com
ccmccurdy@hollandhart.com

Attorneys for Plaintiff Agri Beef Co.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| AGRI BEEF CO., an Idaho corporation,<br><br>Plaintiff.<br><br>vs.<br><br>CORRA TECHNOLOGY INC., a New Jersey corporation,<br><br>Defendant. | Case No. 1:20-cv-00093<br><br>**COMPLAINT** |

Plaintiff Agri Beef Co. ("Agri Beef"), by and through its attorneys Holland & Hart LLP, and for its Complaint against Defendant Corra Technology Inc. ("Corra"), states and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action for breach of contract against Corra, with which Agri Beef had contracted to provide professional website development services.

**PARTIES**

2. Agri Beef is an Idaho corporation formed under the laws of the State of Idaho, with its principal place of business in Ada County, Idaho.

3. On information and belief, Defendant Corra is a New Jersey corporation with its principal place of business located in Essex County, New Jersey.

**JURISDICTION AND VENUE**

4. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that this action is between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5. Personal jurisdiction over Corra is proper in that Agri Beef and Corra have transacted business within the State of Idaho and Plaintiff's claims arise out of Defendants transaction of business within the State of Idaho.

6. Venue is proper under 28 U.S.C. § 1391(a) and (c) because the Plaintiff is a corporation conducting business within the State of Idaho and a substantial part of the events giving rise to the claims occurred within this judicial district.

**GENERAL ALLEGATIONS**

7. On September 17, 2019, Agri Beef entered into a Professional Services Agreement ("PSA") with Corra for website design services.

8. The PSA was signed by Ron Bongo on behalf of Corra and by Clint Cooper on behalf of Agri Beef.

9. Under the PSA, Corra (referred to in the PSA as "Provider") agreed to update Agri Beef's (referred to in the PSA as "Customer") website to be compatible with the most recent version of the Magento ecommerce platform.

10. Section 2.1 of the PSA states that Corra shall provide services to Agri Beef "in accordance with the terms and conditions of this Agreement" including "the Services that are

agreed upon by the Parties from time to time in a statement of work that is made by the Parties pursuant to this Agreement . . . ."

11. Section 3.1.1(b) of the PSA states that Corra shall, with respect to each "Statement of Work, appoint Provider Personnel, who shall be reasonably skilled, experienced, and qualified to perform the services . . . ."

12. Section 3.1.2 of the PSA states that Corra shall "make reasonable efforts to maintain the same Provider Project Manager throughout the term of the applicable Statement of Work . . . ."

13. Section 3.1.7 of the PSA states that Corra shall "maintain complete and accurate records of the time spent and materials used by Provider in providing the Services . . ."

14. Section 3.2.3 of the PSA states that Corra shall not charge Agri Beef "for the costs of training any replacement Project Resource, including the time necessary for a replacement Project Resource to become familiar with Customer's account or business."

15. Section 5.2 of the PSA states that "[i]n no event shall any change to the terms of a Statement of Work be effective unless and until Customer and Provider have approved a change order in Provider's project systems . . . and documented such Change Order in a writing signed by both parties."

16. Section 6 of the PSA states that "[i]n connection with the Services contemplated under this Agreement . . . Provider shall deliver the Work Product in accordance with the sprint schedule defined in the applicable Statement of Work . . . ."

17. Section 8 of the PSA states in pertinent part that "Customer shall not be responsible for paying any other fees, costs or expenses, unless otherwise agreed in a Statement of Work."

18. Section 8.4 of the PSA states in pertinent part that "[u]nless otherwise set forth in the applicable Statement of Work, Provider shall issue invoices to Customer only in accordance with the terms of this Section 8 (Fees and Expenses; Payment Terms) and all invoices must be reasonably detailed."

19. Section 12.1.8 of the PSA states that Corra "shall perform the Services in a professional and workmanlike manner, in accordance with general industry standards, and in conformance with the requirements and description for such services set forth in the applicable Statement of Work and applicable Law . . . ."

20. Section 18.5 of the PSA states that "all legal actions brought under or in connection with the subject matter of this Agreement shall be governed by the laws of the State of New York (other than such laws, rules, regulations and case law that would result in the application of the Laws of a jurisdiction other than those of the State of New York)."

21. The PSA does not contain a forum selection clause.

22. Pursuant to the PSA, Agri Beef and Corra executed a Statement of Work further detailing the obligations of the parties under the PSA.

23. The Statement of Work was included as Exhibit A to the PSA and is the only written amendment to the PSA.

24. The Statement of Work contains an Estimated Fee of $494,736 as the cost estimation needed to complete the services under the PSA.

25. Section 1.2 of the Statement of Work defines the term "Project Timeline" and states that "[t]he estimated Project Timeline supersedes all prior discussions verbal or written between the Parties related to timelines, which will be refined throughout the project."

26. Early in the project, personnel from Corra and Agri Beef communicated regularly regarding the status and current cost of the project.

27. Initial estimates from Corra placed the project completion and go-live date of Corra's services as February 28, 2020.

28. Corra's initial Provider Project Manager for this project was Amanda Campanella, but by the time Corra started performance, Tarzell Jones was assigned as the Provider Project Manager.

29. Tarzell Jones was removed as Provider Project Manager on or about September 24, 2019 after approximately twenty days in charge of the project.

30. During the course of Corra's performance under the PSA, there have been at least six different Provider Project Managers, as that term is defined in the PSA, assigned to this project.

31. During the course of Corra's performance under the PSA, there have also been at least two temporary or interim groups of Provider Project Managers assigned to this project in the periods between permanent Provider Project Managers.

32. Corra has provided Agri Beef with regular invoices, but those invoices lack sufficient detail to determine whether Agri Beef has been charged for the additional training and time necessary for each new Provider Project Manager to get up to speed.

33. Corra's constant Provider Project Manager reassignments led to a breakdown in communication with Agri Beef and delays in performance under the PSA.

34. On or about December 5, 2019, Mark Maser, PMO Manager for Corra, wrote an email to Agri Beef stating, among other things, that: "[W]e are tracking well towards a 2/28 ready date," and "Actual Budget Planned as of Sprint 6 was originally $440,760.00. and we are

currently at $430,992.00." Included on this email were Ben Marshall and John Childers from Corra.

35. Agri Beef received no further communication from Corra until January 27, 2020 – nearly two months later – despite Agri Beef's repeated requests for additional information in the interim.

36. In a January 27, 2020 email, Benjamin Marshall, a Corra employee, sent an email to Agri Beef stating that the "Projected Budget at Completion" had grown to "$1,071,901" representing an "Additional Cost to Complete" of "$494,872" over the forecasted amount.

37. Corra now estimates that it will fail to meet the project completion and go-live date of February 28, 2020.

38. On or about February 7, 2020, Corra presented to Agri Beef a new proposed project completion and go-live date of April 27, 2020.

39. Corra has not presented to Agri Beef the proposed changes in scope, cost, or project completion and go-live date in a Change Order, as that term is defined in the PSA.

40. As of the filing of this Complaint, Agri Beef has not received from Corra the completed website as contemplated under the PSA.

## FIRST CAUSE OF ACTION
## Breach of Contract

41. Plaintiff realleges and incorporates by reference all the prior paragraphs of this Complaint as if set forth in full herein.

42. A valid contract exists between Agri Beef and Corra in the form of the PSA.

43. Corra breached the PSA by failing to provide reasonably detailed invoices to Agri Beef as required under the PSA.

44. Corra breached the PSA by failing to make reasonable efforts to maintain the same Project Manager throughout the term of the PSA.

45. Corra breached the PSA by failing to follow the current Statement of Work in the absence of a written and agreed upon Change Order.

46. Corra breached the PSA by failing to perform its services in a professional and workmanlike manner as set forth in the Statement of Work and other documents governing performance in this matter.

47. Corra's conduct constitutes a material breach of the PSA.

48. As a result of Corra's breach of the PSA, Agri Beef has experienced damages and is entitled to monetary damages in an amount to be determined at trial or, in the alternative, specific performance in the form of Corra's delivery to Agri Beef of all website source code and all other deliverables and work product that Corra has developed for Agri Beef to date.

**SECOND CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

49. Plaintiff realleges and incorporates by reference all the prior paragraphs of this Complaint as if set forth in full herein.

50. A valid contract exists between Agri Beef and Corra in the form of the PSA.

51. Corra failed to deal with Agri Beef in an honest and forthright manner by failing to respond to any communications from Agri Beef between approximately December 5, 2019 and January 27, 2020.

52. Corra failed to deal with Agri Beef in an honest and forthright manner under the PSA by failing to timely communicate significant cost overruns in Corra's performance.

53. Corra failed to deal with Agri Beef in an honest and forthright manner under the PSA by failing to timely communicate Corra's inability to meet the February 28, 2020 project completion and go-live date.

54. As a result of Corra's breach of the implied covenant of good faith and fair dealing, Agri Beef is entitled to money damages in an amount to be determined at trial or, in the alternative, specific performance in the form of Corra's delivery to Agri Beef of all website source code and all other deliverables and work product that Corra has developed for Agri Beef to date.

**ATTORNEY'S FEES**

Because of Corra's wrongdoing, Agri Beef has been required to retain the services of legal counsel, Holland & Hart, LLP to pursue this litigation. Agri Beef is entitled to recover its reasonable attorney's fees in pursuit of this litigation from Corra under Idaho Code § 12-120(3) and pursuant to any other relevant contractual or statutory provisions, including Section 18.7 of the PSA.

**PRAYER FOR RELIEF**

WHEREFORE, Agri Beef respectfully requests the Court enter judgment in its favor and against Corra on the causes of action of this Complaint as follows:

A. Judgment against Corra (i) for all damages sustained because of the allegations outlined and any further damages, including interest, to which Agri Beef may be entitled by law, or, in the alternative, (ii) for specific performance in the form of Corra's delivery to Agri Beef of all website source code and all other deliverables and work product that Corra has developed for Agri Beef to date.

B. Award to Agri Beef of reasonable attorney's fees and costs involved in suing Corra.

C. Such other and further relief as the Court deems necessary, just, and proper.

DATED: February 24, 2020

HOLLAND & HART LLP

By: */s/ Jason E. Prince*
Jason E. Prince
Christopher C. McCurdy

Attorneys for Agri Beef Co.

14242366_v2